GOODPASTURE et al. v. LUCAS.

No. 31616. April 10, 1945.

Rehearing Denied June 5, 1945.

*158 P. 2d 1016.*

Chas. C. Watts and C. E. Castle, both of Wagoner, for plaintiffs in error.

A. L. Harbison, of Tulsa, for defendant in error.

RILEY, J. This action was commenced by defendant in error Lucas to quiet title based upon prescription, to an island in Grand river within the southeast quarter of section 35, township 18 north, range 19 E.I.M., in Wagoner county. The action as commenced was against Napoleon Fortier, William Bezzonia, Jess Goodpasture, and James Anthis. Fortier and Anthis filed disclaimers and are out of the case. Plaintiff dismissed as to defendant Bezzonia. Elizabeth A. Castle and Walter A. Lee intervened, each claiming title to a part of the island. The board of county commissioners of Wagoner county was made a party defendant. Defendant Goodpasture answered alleging ownership of lots 6 and 8 in said section 35, located opposite the island and along the west bank of Grand river. He claimed title

to the island as riparian owner, being the owner of adjacent land on the west bank of the river, his land extended to the middle or the main channel of the river which he alleged was on the east side of the island. Intervener Lee answered alleging ownership of the north 600 feet of lot 6 on the west bank of the river opposite the island. He also claimed to the center or thread of the river. Intervener Elizabeth A. Castle, by cross-petition, claimed ownership of the island as a part of lot 10 in section 35, which lies along the east bank of the river opposite the island. Her claim to lot 10 is based upon a county deed from the board of county commissioners of Wagoner county, dated October 2, 1939. She alleged that lot 10 is bounded on the west by Grand river, and that the main channel of the river is on the west side of the island, and that by reason thereof she claimed ownership of the island as riparian owner.

Trial was to the court without a jury, resulting in a general finding that plaintiff has title to the island by prescription, and decree quieting title was entered accordingly.

Defendant Goodpasture and interveners Lee and Castle allege error based upon procedural matter, and also claim that the decree is contrary to the evidence, but, as we view the law, the questions going to procedure need not be considered. It is our view that Elliott et al. v. Englebrecht et ux., 181 Okla. 41, 72 P. 2d 352, is decisive of the appeal. So far as the claims of plaintiffs in error are concerned, the uncontradicted evidence and admitted facts bring them within the rule stated in the Elliott Case, supra. It is admitted that the island was never separately surveyed; that the several lots owned by plaintiffs in error were surveyed to the bank of the stream and contain the exact acreage shown by said survey. No part of the island was included in computing the quantity of land shown to be in the lots owned by plaintiffs in error. The uncontradicted evidence shows that the stream separates at the head of the island into two distinct channels, consti-

tuting a well-defined stream on either side of the island and that it has been so since before 1882. The island is composed of primitive soil and has large trees, some four feet in diameter, growing upon it.

Under the rule stated in Elliott v. Englebrecht, supra, none of the plaintiffs in error could have any interest, title, or ownership in or to the island or any part thereof. Under the authority of Elliott et al. v. Englebrecht et ux., supra, the decree of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.